983 F.2d 1069
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shepherd Abdul DAVIS, Defendant-Appellant.
 No. 92-1370.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1992.
 
 Before BOGGS and SILER, Circuit Judges, LAMBROS, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Shepherd Abdul Davis appeals from a jury conviction of aiding and abetting in the distribution of crack cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Davis contends that his conviction should be overturned because the jury's guilty verdict was based on evidence that was incredible as a matter of law. We affirm.
 
 
 2
 * On July 17, 1991, a federal grand jury returned a nine-count indictment against the defendant, Shepherd Abdul Davis, and three others. On December 17, 1991, Davis was tried on three counts: conspiracy to distribute and to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846; aiding and abetting in the distribution of crack cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1); and unlawful use of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c). The jury found Davis guilty of aiding and abetting in the distribution of crack cocaine and not guilty of the unlawful use of a firearm during a drug trafficking offense. The trial resulted in a hung jury on the question of whether Davis engaged in a conspiracy to possess crack cocaine with intent to distribute. The trial court sentenced Davis to a term of 41 months in prison.
 
 
 3
 Special Agent Joseph Slatalla testified that he went to a house at 15846 Hazelton in Detroit, Michigan, where he had previously made an undercover purchase of crack cocaine. Slatalla met defendant Davis in an enclosed back porch off the kitchen. Slatalla asked Davis if he was working, and Davis responded by asking Slatalla what he needed. Slatalla responded that he needed "seven."
 
 
 4
 At that time, another individual, Stephen Cheeks, approached Davis and told him that Slatalla was "cool." Cheeks asked Slatalla how much money he had. Slatalla told him he had roughly $140. Davis then reached under a towel lying on a dryer. Slatalla observed what appeared to be roughly thirty rocks of crack cocaine under the towel. Davis counted out seven rocks and handed them to Cheeks. Slatalla gave Davis the $140, and Cheeks gave Slatalla the seven rocks of crack cocaine.
 
 
 5
 Following the sale, Slatalla inquired about the possibility of a larger purchase. Cheeks and Davis invited Slatalla inside to discuss the matter. They did not frisk him before he entered the house, and they left the crack cocaine on the porch unguarded.
 
 II
 
 6
 Davis contends that Agent Slatalla's testimony was "unbelievable on its face," and there is therefore no credible evidence to support the jury's verdict as a matter of law. The appropriate standard of review is as follows:
 
 
 7
 To be incredible as a matter of law, a [witness's] testimony must be unbelievable on its face. In other words, it must have been either physically impossible for the witness to observe that which he or she claims occurred, or impossible under the laws of nature for the occurrence to have taken place at all.
 
 
 8
 United States v. Dunigan, 884 F.2d 1010, 1013 (7th Cir.1989).
 
 
 9
 Davis's argument is simple. He contends that Slatalla's testimony is incredible because he would have us believe that Davis and Cheeks not only allowed Slatalla to enter the house without frisking him, but also left the crack on the enclosed back porch unguarded. Although this may not be the most prudent and effective manner in which to conduct a drug business, the actions of Davis and Cheeks, as reported by Slatalla, are not unbelievable on their face. In other words, Slatalla's testimony is not beyond belief. Whether the testimony is implausible or difficult to believe is a question for the jury. Ibid.
 
 III
 
 10
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 Thomas D. Lambros, Chief United States District Judge for the Northern District of Ohio, sitting by designation